**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Betsy S. Kanak, | No. CV-22-00740-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Betty S. Kanak seeks judicial review of the denial of her application for Social Security Disability Insurance and Supplemental Security Income under the Social Security Act, 42 U.S.C. § 405(g). Before the Court are Plaintiff's Opening Brief (Doc. 12), Defendant Commissioner of Social Security Administration's Answering Brief (Doc. 15), Plaintiff's Reply Brief (Doc. 16), and the Administrative Record (Doc. 9). Upon review, the Court affirms the Administrative Law Judge's decision (AR 11–40).[1]

**I.    BACKGROUND**

Plaintiff filed a Title II application for disability insurance benefits and a Title XVI application for supplemental security income on July 31, 2018, for a period of disability beginning on January 2, 2018, which was later amended to October 23, 2017. (AR 14). Plaintiff testified at an administrative hearing on February 10, 2021 (AR 51–91), after which the Administrative Law Judge ("ALJ") found Plaintiff was not disabled

---

[1] Administrative Record (*see* Doc. 9).

(AR 11–40). On April 8, 2022, the Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the agency's final decision. (AR 1–3).

The Court has reviewed the medical evidence in its entirety and will discuss the pertinent medical evidence in addressing the issues raised by the parties. Upon considering the medical records and opinions, the ALJ evaluated Plaintiff's disability based on the following medically determinable impairments: obesity, status post lumbar laminectomy, hypertension, seizure disorder, diabetes mellitus, bipolar disorder, depression, generalized anxiety disorder, and posttraumatic stress disorder ("PTSD"). (AR 17). Ultimately, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the Social Security Act, from October 23, 2017 through the date of this decision." (AR 39).

## II. LEGAL STANDARD

A person is considered "disabled" for the purpose of receiving social security benefits if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration's decision to deny benefits should be upheld unless it is based on legal error or is not supported by substantial evidence. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). "Substantial evidence is more than a mere scintilla but less than a preponderance." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation omitted). "Where evidence is susceptible to more than one rational interpretation, the ALJ's decision should be upheld." *Trevizo v. Berryhill*, 871 F.3d 664, 674–75 (9th Cir. 2017). The Court "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Id.* at 675. The Court reviews "only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which [she or] he did not

rely." *Id.* The Court will not reverse for an error that is "inconsequential to the ultimate nondisability determination" or where the ALJ's "path may reasonably be discerned, even if the [ALJ] explains [his] decision with less than ideal clarity." *Treichler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (citing *Alaska Dept. of Envtl. Conservation v. E.P.A.*, 540 U.S. 461, 497 (2004)).

### III.  DISCUSSION

Plaintiff argues that the ALJ improperly evaluated two medical opinions and improperly discredited Plaintiff's symptom testimony. The court addresses both issues.

#### a.  Medical Opinions

In 2017, the SSA revised its regulations regarding the evaluation of medical evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5844 (Jan. 18, 2017). Because Plaintiff filed her case after 2017, it is governed by the new regulations. (AR 17). The ALJ was therefore not required to adhere to a hierarchy of medical opinions. 20 C.F.R. § 404.1520c(a)–(b); *see Woods v. Kijakazi*, 32 F.4th 785, 790 (9th Cir. 2022). Rather, the ALJ meets her burden with respect to medical opinions by articulating the persuasiveness of each opinion using factors set forth in the regulations. *Id.* Supportability and consistency are the most important of these factors, but ALJs may also consider the nature of the treatment relationship, the medical source's specialization, and "other factors that tend to support or contradict a medical opinion." 20 C.F.R. § 404.1520c(a)–(c). The Court considers Plaintiff's arguments regarding the medical opinions of Dr. An Nguyen and Dr. Rosalie Hydock in turn.

#### i.  Dr. An Nguyen

Dr. Nguyen, a clinical psychologist, evaluated Plaintiff on January 18, 2021. (AR 2017). Dr. Nguyen diagnosed Plaintiff with chronic PTSD and recurrent moderate major depressive disorder. (AR 2023). In check-box forms expressly referring to the Social Security Commissioner's Listing of Impairments, Dr. Nguyen opined that Plaintiff has extreme or marked limitations in her ability to interact with others and concentrate, persist, or maintain pace. (AR 2025, 2027). Dr. Nguyen further opined on the check-box

forms that Plaintiff's depressive disorder and PTSD are severe and persistent, that there is evidence of treatment or a highly structured setting to diminish symptoms, and that Plaintiff has a minimal capacity to adapt to changes in environment or demands. (AR 2026–27). In a written narrative on a separate form, Dr. Nguyen opined that Plaintiff "can carry out simple instructions and make simple decisions" but that "she will have difficulty carrying out detailed instructions; sustaining concentration; performing activities within a schedule; working in coordination with others; sustaining an ordinary routine without special supervision; and completing a normal workday at a consistent pace." (AR 2030). Dr. Nguyen further wrote that although Plaintiff "can interact appropriately with the general public, get along with coworkers, ask simple questions, and maintain appropriate hygiene and behavior," Plaintiff "will have difficulty responding appropriately" to criticism from supervisors and to work setting changes. (AR 2030).

The ALJ found that Dr. Nguyen's opinions were internally inconsistent and inconsistent with reports and documentation from Plaintiff's treating medical service providers. (AR 32–34). With respect to internal inconsistencies, the ALJ noted that Dr. Nguyen's assessment that Plaintiff had at least marked limitations in interacting with others is inconsistent with her opinion that Plaintiff could interact appropriately with the general public and coworkers. (AR 33); *see* 20 C.F.R. Part 404, Subpart P, Appendix 1, Listing 12.00(F)(2)(d) (defining a "marked limitation" as one where a claimant's "functioning in this area independently, appropriately, effectively, and on a sustained basis is seriously limited"). Likewise, the ALJ found that Dr. Nguyen's assessment that Plaintiff had at least marked limitations in her ability to concentrate, persist, or maintain pace is inconsistent with her opinion that Plaintiff could understand simple questions, carry out simple instructions, and make simple decisions, as well as her observations that Plaintiff had no difficulty following along with the evaluation and sharing details about her history.

Plaintiff argues, based on a questionnaire completed by Dr. Nguyen on June 11,

2021 and submitted to the Appeals Council, that Plaintiff did, in fact, have difficulties during the evaluation consistent with a limited ability to concentrate, persist, or maintain pace. (Doc. 12 at 11); *see Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1159–60 (9th Cir. 2012) (holding that evidence submitted for the first time to the Appeals Council "is part of the administrative record, which the district court must consider in determining whether the Commissioner's decision is supported by substantial evidence"). In that questionnaire, Dr. Nguyen wrote that although Plaintiff was noted to be "calm, friendly, and compl[ia]nt" with respect to the completion of the exam, she was "sad and anxious" and "cried many times when sharing historical information."[2] (AR 559). Dr. Nguyen thus opined that in unpredictable or stressful situations, such as a working environment, Plaintiff would have difficulty with concentration, persistence, social interaction, and adaptation. (AR 559). But nothing in Dr. Nguyen's June 11, 2021 questionnaire explains why she opined after her January 18, 2021 evaluation that Plaintiff had marked limitations in interacting with others on one form while opining that Plaintiff could interact appropriately with the general public and coworkers on another. Nor does Dr. Nguyen's questionnaire qualify her opinions that Plaintiff could understand simple questions, carry out simple instructions, and make simple decisions, which the ALJ rationally found to be inconsistent with marked limitations in concentration, persistence, and maintaining pace. *See Phillips v. Colvin*, 61 F. Supp. 925, 940 (N.D. Cal. 2014). The ALJ properly articulated inconsistencies within Dr. Nguyen's opinions.

With respect to inconsistencies with records from Plaintiff's treating providers, the ALJ noted that Plaintiff's statement to Dr. Nguyen that her symptoms had not improved and had gotten worse was inconsistent with statements Plaintiff made at a medication

---

[2] To be sure, the ALJ suggested that Plaintiff's "calm, friendly, and complaint" demeanor was inconsistent with Dr. Nguyen's findings that Plaintiff had a depressed and anxious mood, without mentioning that the notes about Plaintiff's demeanor were describing her level of effort and cooperation with the examination. (AR 34, 2021). Dr. Nguyen's June 11, 2021 narrative explains why those notes are not inconsistent. (AR 559). Still, the other inconsistencies explained by the ALJ are sufficient to support her evaluation of Dr. Nguyen's opinions. *See Doddridge v. Comm'r of Soc. Sec. Admin.*, No. CV-20-01926-PHX-SPL, 2022 WL 682621, at *3 (D. Ariz. Mar. 8, 2022).

management appointment five days earlier, on January 13, 2021, that she felt her medications were working and wanted to continue them with no changes. (AR 32, 1962). The ALJ also recounted Plaintiff's statements at a medication management appointment on August 24, 2020 that a change in her medication had "really helped overall" and that she felt much better. (AR 32, 10). This is a plain inconsistency, and Plaintiff makes no argument otherwise.

In addition, the ALJ concluded that Dr. Nguyen's findings were "inconsistent with the claimant['s] psychiatric nurse practitioner's repeated mostly normal mental status examinations once the claimant's medications were stabilized or the findings and opinions of the consultative psychologists." (AR 34). Plaintiff argues that "the ALJ has given undue weight to mental status examinations, which are a diagnostic tool and not an assessment of a patient's ability to sustain activity over the course of a full work day or work week." (Doc. 12 at 10). But the Ninth Circuit routinely holds that inconsistency between a medical provider's opinion of limitations and relatively normal mental status examinations is a sufficient reason for an ALJ to discount a provider's opinion. *See, e.g.*, *McCloud v. Saul*, 818 F. App'x 730, 734 (9th Cir. 2020); *Shorter v. Saul*, 777 F. App'x 209, 211 (9th Cir. 2019); *Sultes v. Berryhill*, 758 F. App'x 589, 592 (9th Cir. 2018); *Whitten v. Colvin*, 642 F. App'x 710, 711–712 (9th Cir. 2016). Here, it was reasonable for the ALJ to conclude that Dr. Nguyen's opinions that Plaintiff has marked limitations were inconsistent with the mostly normal mental status examinations.

Ultimately, the Court finds that the ALJ provided a detailed and logical explanation of several inconsistencies within Dr. Nguyen's opinions and between Dr. Nguyen's opinions and the opinions and records of Plaintiff's other medical providers, giving due consideration to the relevant factors required by the regulations. Thus, the extent to which the ALJ discredited Dr. Nguyen's opinions is supported by substantial evidence and was not legal error.

///

///

*ii. Dr. Rosalie Hydock*

Dr. Hydock, a licensed psychologist, evaluated Plaintiff on July 22, 2019. (AR 1078). Dr. Hydock opined that Plaintiff had minor impairments with understanding and memory; would have difficulty sustaining concentration to learn and use new material in an unfamiliar work setting; would be limited in her ability to connect with others and develop appropriate workplace relationships; and was impaired in her ability to respond to changes. (AR 1086).

The ALJ found that "Dr. Hydock's opinions were generally supported by her examination" but that "the limitations with maintaining concentration and persistence are not well supported." (AR 35). Specifically, the ALJ noted that Dr. Hydock's conclusion was based on Plaintiff requiring redirection to stay on topic during the evaluation, but the ALJ found this unpersuasive because upon redirection, Plaintiff was able to respond to all questions and complete all tasks. (AR 35). The ALJ also noted that Plaintiff scored well on the Mini Mental Status Examination and that Dr. Hydock's opinion was given before Plaintiff was stabilized on medications with her psychiatric nurse practitioner, who has since not documented problems with attention or concentration on mental status examinations. (AR 35). Thus, the ALJ concluded, the record supports only moderate limitations in concentration and persistence. (AR 35).

Even if, as Plaintiff argues, Plaintiff's need for redirection is consistent with Dr. Hydock's assessment of limitations in maintaining concentration and persistence, the ALJ's reasoning that Plaintiff's treating nurse practitioner has made contrary findings since stabilizing Plaintiff's medication is sufficient to support the ALJ's limited discrediting of Dr. Hydock's opinion.[3] The ALJ articulated an inconsistency with another medical source with whom Plaintiff had a longer, more frequent, and more recent treating relationship. *See* 20 C.F.R. § 404.1520c(c)(2)–(3). The ALJ did not discredit Dr.

---

[3] Although Plaintiff reported to Dr. Nguyen that her symptoms had not improved with medication, the ALJ properly discredited that finding as inconsistent with statements made to other providers, as explained above.

7

Hydock's opinion altogether, but merely the portion that conflicted with the psychiatric nurse practitioner's later findings. Accordingly, the ALJ did not err in discrediting Dr. Hydock's opinions to the extent she assessed more than moderate limitations in concentration and persistence.

### b. Symptom Testimony

An ALJ must perform a two-step analysis to determine the credibility of a claimant's pain and symptom testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment "which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* at 1036. If the claimant meets this burden and there is no evidence of malingering, the ALJ must provide "specific, clear and convincing" reasons for rejecting the testimony. *Id.* at 1036. "The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) ("To determine whether the claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.").

Here, the ALJ found that although Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms," Plaintiff's "statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (AR 26). First, Plaintiff argues that the ALJ's analysis was erroneous because Plaintiff's activities of daily living are not inconsistent with her testimony. The ALJ recounted as follows:

///

> [C]laimant was able to serve on a grand jury for four months after the amended alleged onset date, which presumably would require the ability to perform greater than one[-]step instructions. She also reported that she was caring for two homes, painting, caring for animals, gardening, and cooking. While there is evidence of social interaction deficits, including with large crowds, claimant has reported being able to shop for groceries, supervising her children's homework, and has a long time boyfriend.

(AR 37 (internal citations omitted)).

Initially, it does not appear that the ALJ relied on Plaintiff's daily activities as a significant reason for discrediting her symptom testimony. Although the ALJ suggested that Plaintiff's grand jury service demonstrated an ability to follow multi-step directions, the ALJ's residual functional capacity assessment still concluded only that Plaintiff "is able to perform simple routine work involving simple work related decisions and simple instructions." (AR 22). Likewise, consistent with the ALJ's acknowledgment that Plaintiff had social interaction deficits, her residual functional capacity assessment concluded that Plaintiff could "perform work that does not require more than occasional contact with the public and co-workers." (AR 22). But even if the ALJ did discredit Plaintiff's subjective testimony because of inconsistencies with her daily activities, the Court finds no fault in the ALJ's conclusion that Plaintiff's ability to serve on a grand jury indicates an ability to follow multi-step instructions. *See Yost v. Astrue*, No. 11 C 1423, 2012 WL 2814373, at *15 (N.D. Ill. July 10, 2012) (affirming ALJ's discrediting of the plaintiff's symptom testimony based in part on the absence of evidence that she sought to avoid jury service due to her mental and physical impairments). Likewise, the ability to shop for groceries and maintain relationships indicates at least some capacity to interact with others. *See Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (affirming an ALJ's credibility finding where the ALJ explained that a plaintiff's daily activities "suggest that she is quite functional. She is able to care for her own personal needs, cook, clean, and shop. She interacts with her nephew and her boyfriend."). The ALJ properly made specific, rational findings as to Plaintiff's daily activities and her subjective testimony.

9

Plaintiff also repeats her arguments that mental status examinations are not evidence of a person's ability to sustain work activities and that Dr. Nguyen noted that Plaintiff's medications were not effective. As with medical opinions, relatively normal mental status examinations contrary to a claimant's testimony are proper support for an ALJ's decision to discredit the testimony. *See, e.g.*, *Pietrzyk v. Comm'r of Soc. Sec. Admin.*, No. CV-19-5518-PHX-JFM, 2021 WL 9639924, at *12 (D. Ariz. Mar. 31, 2021); *Stasha K. v. Saul*, No. 2:19-cv-00280-SMJ, 2020 WL 4495273, at *6 (E.D. Wash. Aug. 3, 2020); *Jared C. v. Comm'r of Soc. Sec.*, No. C19-5764 RAJ, 2020 WL 1322851, at *3 (W.D. Wash. Mar. 20, 2020). And as explained, the ALJ properly discredited Dr. Nguyen's note that Plaintiff's medications were not helping based on Plaintiff's reports to other providers that the medications had helped. Moreover, in addition to the reasons challenged by Plaintiff, the ALJ also detailed other reasons for discrediting Plaintiff's symptom testimony, including limited medical support for her claimed back pain, inconsistent treatment for her claimed impairments, and inconsistency with objective medical evidence and other medical opinions. The ALJ therefore provided specific, clear and convincing reasons for discrediting Plaintiff's subjective testimony.

## IV.    CONCLUSION

The Court finds that substantial evidence supports the ALJ's decision in this case. Her findings as to the persuasiveness of Dr. Nguyen's opinion and Dr. Hydock's opinion were supported by substantial evidence, and she provided clear and convincing reasons to reject Plaintiff's symptom testimony. Accordingly,

**IT IS ORDERED** that the April 26, 2021 decision of the ALJ (AR 14–40) is **affirmed**. The Clerk of Court shall enter judgment accordingly and **terminate** this action.

Dated this 15th day of May, 2023.

Honorable Steven P. Logan
United States District Judge